**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ELTON E. CHRISTIAN**, | ) | Case No. 4:26-cv-00164 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **COMPLAINT** |
| | ) | (Jury Demand Endorsed) |
| **FALCON FOUNDRY** | ) | |
| **COMPANY, and** | ) | |
| **FRANK FERRARO SR.,** | ) | |
| Defendants. | ) | |

NOW COMES Plaintiff Elton E. Christian, by and through undersigned counsel, and files this Complaint against Defendants Falcon Foundry Company and Frank Ferraro Sr., and states as follows:

**INTRODUCTION**

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Ohio Revised Code Chapter 4112, which prohibit race discrimination, hostile work environment harassment, and retaliation in employment.

2. Plaintiff Elton E. Christian seeks redress for Defendants' unlawful and discriminatory conduct, including:
   a. Severe racial harassment, including but not limited to Defendant Frank Ferraro Sr. aggressively calling Plaintiff "nigger" in the workplace;
   b. Discriminatory denial of training routinely provided to white employees;
   c. Systematic denial of overtime opportunities, resulting in economic loss;
   d. Retaliation after Plaintiff reported discriminatory conduct, including threats of termination; and
   e. Humiliation and intimidation, including the destruction of Plaintiff's assigned work chair.

3. Defendant Frank Ferraro Sr.'s actions, and Defendant Falcon Foundry Company's failure to correct or prevent such misconduct, demonstrate a reckless disregard for Plaintiff's federally protected rights.

1

4. Through this action, Plaintiff seeks compensatory damages, punitive damages for Defendants' willful and malicious conduct, equitable relief, attorney's fees, and all other legal and equitable remedies necessary to vindicate his rights and prevent similar violations in the future.

## II.  NATURE OF THE ACTION

5. This is an action for race discrimination, racially hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Ohio Revised Code Chapter 4112.

6. Plaintiff Elton E. Christian has been subjected to ongoing discriminatory treatment during his employment with Defendant Falcon Foundry Company, including severe racial harassment, discriminatory denial of training, repeated denial of overtime opportunities, and retaliatory threats of termination after making protected complaints.

7. Among the most egregious conduct, Plaintiff was called "nigger" aloud and aggressively by Defendant Frank Ferraro Sr. in the presence of other employees, an act that created an intolerable and degrading work environment and constitutes severe harassment as a matter of law.

8. Defendant Falcon Foundry Company failed to take prompt or effective remedial action despite having actual or constructive knowledge of the discriminatory and retaliatory conduct directed at Plaintiff, including the use of an explicit racial slur by a supervisor.

9. Plaintiff seeks all forms of relief available under federal and state law, including compensatory damages, punitive damages, back pay, front pay, emotional-distress damages, injunctive relief, attorney's fees, and costs.

10. Plaintiff's damages are substantial and exceed the jurisdictional minimum of this Court by a wide margin. The precise amount shall be determined by a jury.

## III.  JURISDICTION AND VENUE

11. This Court has subject-matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, including Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

12. This Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a), as those claims arise from the same facts and form part of the same case or controversy.

2

13. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within this District and a substantial portion of the events giving rise to Plaintiff's claims occurred within this District.

14. Plaintiff has exhausted all administrative remedies and satisfied all conditions precedent to filing suit under Title VII by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission, receiving a Notice of Right to Sue, and commencing this action within the time permitted by law.

## IV. PARTIES

15. Plaintiff Elton E. Christian ("Plaintiff") is an African American male and a resident of the Warren, Trumbull County, Ohio. Plaintiff has been employed by Defendant Falcon Foundry Company since approximately December 2009 and has performed his job duties in a competent and satisfactory manner at all relevant times.

16. Despite his continued employment, Plaintiff has been subjected to severe racial harassment, discriminatory treatment, and retaliation, which have materially altered the terms and conditions of his employment.

17. Defendant Falcon Foundry Company ("Falcon Foundry") is an Ohio corporation and an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b), and Ohio Revised Code § 4112.01(A)(2). Falcon Foundry operates facilities and conducts substantial business within the Northern District of Ohio, including the location where the events giving rise to this action occurred.

18. At all relevant times, Falcon Foundry acted by and through its officers, supervisors, managers, and employees, each of whom was acting within the scope of their employment and in furtherance of Falcon Foundry's business. Falcon Foundry is liable for their conduct under federal and state law.

19. Defendant Frank Ferraro Sr. ("Ferraro Sr.") is an employee, supervisor, and/or agent of Defendant Falcon Foundry Company who, at all relevant times, exercised authority over Plaintiff's working conditions. Ferraro Sr. personally engaged in racially discriminatory and harassing conduct directed at Plaintiff, including the use of an explicit racial slur in the workplace. Ferraro Sr. is liable in his individual capacity under Ohio Revised Code Chapter 4112 for his discriminatory and retaliatory conduct.

3

## V. FACTUAL ALLEGATIONS

20. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

21. Plaintiff began his employment with Falcon Foundry on or about December 2009. Plaintiff has at all times performed his duties in a competent and satisfactory manner.

22. Throughout his employment, Plaintiff expressed interest in additional training, skill development, and overtime opportunities necessary for advancement within the company and increased earning potential.

23. Beginning in or around February and March 2025, Plaintiff became the target of severe and escalating racial harassment perpetrated by Ferraro Sr., a supervisor with authority over Plaintiff's working conditions.

24. In one particularly egregious incident, Ferraro Sr. called Plaintiff 'nigger' aloud and aggressively while on the job. The slur was used intentionally, loudly, and in the presence of other employees.

25. The use of a racial epithet of this nature constitutes severe harassment as a matter of law and immediately created a humiliating, degrading, and intimidating environment for Plaintiff.

26. Ferraro Sr. subsequently engaged in additional acts of hostility toward Plaintiff, including removing Plaintiff's assigned work chair and throwing it out, a deliberate act intended to demean, embarrass, and intimidate Plaintiff because of his race.

27. Plaintiff was deeply humiliated by these actions, which were witnessed by coworkers and created a palpable atmosphere of racial hostility.

28. In addition to the verbal and physical harassment, Plaintiff was subjected to discriminatory denial of training. Training opportunities routinely provided to white employees were withheld from Plaintiff despite his repeated requests and demonstrated interest.

29. This denial of training prevented Plaintiff from qualifying for higher-paying positions within the company and impeded his long-term advancement and earning potential.

30. Plaintiff was also repeatedly denied overtime opportunities for which he was qualified, available, and willing to work. White employees with similar or lesser experience were selected for these overtime shifts instead of Plaintiff.

4

31. The denial of overtime resulted in a measurable and ongoing loss of wages for Plaintiff.

32. Plaintiff made good-faith internal complaints regarding the racial harassment, discriminatory treatment, and unfair denial of opportunities.

33. Following his complaints, Defendants engaged in retaliatory conduct, including issuing explicit threats of termination, withholding further opportunities, and subjecting Plaintiff to increased hostility and scrutiny.

34. The retaliatory conduct was materially adverse and would dissuade a reasonable employee from complaining about discrimination.

35. Multiple employees witnessed critical aspects of the misconduct, including the use of the racial slur, the destruction of Plaintiff's chair, and the denial of training and overtime opportunities. Plaintiff reported the misconduct to management and/or human resources shortly after it occurred.

36. These witnesses confirm that the harassment and discriminatory treatment directed at Plaintiff were open, repeated, and targeted.

37. Falcon Foundry either knew or should have known of the discriminatory and retaliatory conduct occurring under its supervision but failed to take prompt, adequate, or effective remedial action.

38. Falcon Foundry's failure to respond allowed the harassment, discrimination, and retaliation to continue and escalate.

39. As a result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer emotional distress, humiliation, anxiety, diminished earning potential, lost income, and a significant impairment of his ability to advance within the company.

40. The conditions created by Defendants constitute race discrimination, a racially hostile work environment, and retaliation in violation of Title VII and Ohio Revised Code Chapter 4112.

## VI. CAUSES OF ACTION

### COUNT I – RACE DISCRIMINATION
*(Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2)*

41. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

5

42. Plaintiff is an African American male and a member of a protected class under Title VII.

43. Plaintiff was qualified for his position and performed his job duties satisfactorily at all relevant times.

44. Falcon Foundry discriminated against Plaintiff because of his race by denying him training opportunities, denying him overtime opportunities, and subjecting him to disparate treatment in the terms, conditions, or privileges of employment.

45. Similarly situated white employees, who were comparable to Plaintiff in all relevant respects, were treated more favorably than Plaintiff in access to training, overtime, and advancement opportunities.

46. Falcon Foundry's discriminatory conduct violated Title VII.

47. As a direct and proximate result of Falcon Foundry's discriminatory conduct, Plaintiff has suffered lost wages, diminished earning potential, emotional distress, and other compensatory damages.

## COUNT II – HOSTILE WORK ENVIRONMENT
*(Title VII, 42 U.S.C. § 2000e-2)*

48. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

49. Plaintiff was subjected to unwelcome race-based harassment, including being called "nigger" aloud and aggressively by Ferraro Sr., a supervisor, in the presence of others.

50. Plaintiff was also subjected to additional acts of hostility, including the removal and destruction of his assigned work chair.

51. The harassment was severe or pervasive and altered the terms, conditions, and privileges of Plaintiff's employment.

52. Falcon Foundry knew or should have known of the harassment and failed to take prompt and effective remedial action reasonably calculated to end the harassment.

53. Falcon Foundry created a racially hostile work environment in violation of Title VII.

54. As a result, Plaintiff suffered emotional distress, humiliation, anxiety, and other damages.

## COUNT III – RETALIATION
*(Title VII, 42 U.S.C. § 2000e-3)*

55. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

56. Plaintiff engaged in protected activity when he complained internally about race discrimination and racial harassment.

57. Falcon Foundry was aware of Plaintiff's protected activity and, at all relevant times, acted through its supervisor, Ferraro Sr., who exercised authority over Plaintiff's working conditions.

58. Shortly after Plaintiff complained of race discrimination and racial harassment, Ferraro Sr., acting within the scope of his supervisory authority and with the knowledge and acquiescence of Falcon Foundry, threatened Plaintiff with termination.

59. Falcon Foundry failed to take prompt or effective action to prevent or correct the retaliatory threats and instead permitted the threats to stand, withheld training and overtime opportunities, and subjected Plaintiff to increased workplace hostility.

60. Falcon Foundry's conduct would dissuade a reasonable employee from making or supporting a charge of discrimination and constitutes unlawful retaliation in violation of Title VII.

61. As a direct and proximate result, Plaintiff suffered emotional distress, economic loss, and other damages.

## COUNT IV – RACE DISCRIMINATION
*(Ohio Revised Code §§ 4112.02(A) and 4112.02(J))*

62. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

63. Plaintiff is protected from race discrimination under Ohio Revised Code Chapter 4112.

64. Falcon Foundry discriminated against Plaintiff on the basis of race with respect to the terms, conditions, and privileges of employment, including training, overtime, advancement opportunities, and treatment in the workplace, in violation of Ohio Revised Code § 4112.02(A).

7

65. Ferraro Sr. personally participated in, authorized, and aided and abetted unlawful race discrimination against Plaintiff, including by engaging in racially harassing conduct and threatening termination, in violation of Ohio Revised Code § 4112.02(J).

66. Defendants' conduct was intentional, willful, and in reckless disregard of Plaintiff's rights under Ohio Revised Code Chapter 4112.

67. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered lost wages, diminished earning capacity, emotional distress, humiliation, and other compensatory damages.

## COUNT V – RETALIATION
### (Ohio Revised Code § 4112.02(I))

68. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

69. Plaintiff engaged in protected activity under Ohio Revised Code Chapter 4112 by opposing race discrimination and reporting unlawful conduct.

70. Defendants were aware of Plaintiff's protected activity.

71. After engaging in protected activity, Plaintiff was subjected to retaliatory conduct by Defendants, including threats of termination by Ferraro Sr., withholding of training and overtime opportunities, and increased workplace hostility.

72. Defendants' retaliatory conduct was causally connected to Plaintiff's protected activity and would deter a reasonable person from engaging in such activity.

73. Defendants' conduct violated Ohio Revised Code § 4112.02(I).

74. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff suffered harm to his reputation, mental anguish, emotional distress, and economic damages.

## COUNT VI – NEGLIGENT HIRING, RETENTION, AND SUPERVISION
### (Ohio Common Law)

75. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

76. Falcon Foundry owed Plaintiff a duty to exercise reasonable care in the hiring, supervision, and retention of its employees, including ensuring that supervisors

8

did not engage in abusive, threatening, or intimidating conduct toward subordinates.

77. Falcon Foundry knew or should have known that Ferraro Sr. engaged in inappropriate, hostile, and abusive conduct toward Plaintiff, including the use of racial slurs and threats of termination.

78. Falcon Foundry had actual or constructive notice of Ferraro Sr.'s conduct and failed to take immediate corrective or disciplinary action, thereby ratifying and enabling the continuation of the misconduct.

79. Falcon Foundry negligently failed to supervise, discipline, retrain, or remove Ferraro Sr. despite the foreseeable risk of harm to Plaintiff.

80. Falcon Foundry failed to retrain or discipline Ferraro Sr. after complaints.

81. Falcon Foundry's negligence allowed the abusive and threatening conduct to continue and escalate, causing Plaintiff emotional distress, humiliation, anxiety, and other compensable harm.

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### *(Ohio Common Law)*

81. Plaintiff incorporates by reference the preceding paragraphs as though fully rewritten herein.

82. Defendants, including Falcon Foundry acting through its supervisor, Ferraro Sr., engaged in extreme and outrageous conduct by permitting the use of an explicit racial slur in the workplace, allowing acts of intimidation such as the removal and destruction of Plaintiff's assigned work chair, denying Plaintiff employment opportunities, and threatening termination after Plaintiff engaged in protected activity.

83. The use of an explicit racial slur by a supervisor, combined with acts of intimidation and retaliatory threats of termination, constitutes conduct so extreme and outrageous as to exceed all possible bounds of decency tolerated in a civilized society.

84. Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the high probability that their conduct would cause such distress.

85. As a direct and proximate result of Defendants' conduct, Plaintiff suffered serious emotional distress of a nature so severe that no reasonable person could be expected to endure it, including humiliation, anxiety, emotional trauma, and psychological harm.

9

## VII. PRAYER FOR RELIEF

86. Plaintiff incorporates by reference all preceding paragraphs as though fully rewritten herein.

87. WHEREFORE, Plaintiff Elton Christian respectfully requests that this Court enter judgment in his favor and against Defendants on all claims asserted in this Complaint.

88. Plaintiff further requests that this Court award all remedies available under federal and state law, including but not limited to:

89. Compensatory damages for emotional distress, humiliation, mental anguish, and loss of enjoyment of life resulting from Defendants' discriminatory, retaliatory, and tortious conduct.

90. Back pay, including lost wages and lost overtime compensation, together with the value of lost employment benefits.

91. Front pay, or in the alternative, reinstatement with appropriate protections, adjustments, and training.

92. Punitive damages pursuant to Title VII and Ohio law for Defendants' willful, malicious, and reckless disregard of Plaintiff's protected rights.

93. Equitable and injunctive relief, including but not limited to requiring Defendant Falcon Foundry Company to:
    a. cease and desist from further discrimination and retaliation;
    b. implement appropriate anti-discrimination and anti-retaliation policies;
    c. provide training to supervisors and employees;
    d. take corrective measures to prevent future violations.

94. Attorney's fees, costs, and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k) and Ohio law.

95. Pre-judgment and post-judgment interest as allowed by law.

96. Any and all additional legal or equitable relief that the Court deems just, proper, or necessary to fully compensate Plaintiff and to effectuate the purposes of Title VII and Ohio R.C. Chapter 4112.

## VIII. JURY DEMAND

97. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable as a matter of right.

**Respectfully submitted,**

Karrie D. Howard, Esq. (0082858)
**HOWARD LEGAL SERVICES LLC**
1414 South Green Rd.
Suite 203, Mailbox #16
South Euclid, Ohio 44121
P: (216) 644-9076
E: khoward@howardlegalservices.com

*Attorney for Plaintiff*